# MEMORANDUM ENDORSEMENT

Buon v. Spindler, et al., 19 cv 6760 (NSR)

The Court is in possession of the following attached letters: pre-motion letter, filed October 24, 2019 (ECF No. 14), from Defendant The Newburgh Teachers Association; pre-motion letter, filed October 30, 2019, (ECF No. 15), from Defendants Ed Forgit, Carole Kern, Carole Mineo, Stacy Moran, Newburgh Enlarged City School District Board of Education, Roberto Padilla, Linda Smith, Lisamarie Spindler, and The Newburgh Enlarged City School District; and letter, filed December 3, 2019 (ECF No. 16), jointly from Defendants requesting that this case be removed from Mediation.

The pre-motion conference requirement is waived and Defendants are granted leave to file their separate respective motions to dismiss with the following briefing schedule: moving papers shall be served **not filed** January 17, 2020; Plaintiff's opposition papers shall be served **not filed** March 2, 2020; and reply papers shall be served March 17, 2020. **Defendants' counsel are directed to file all motion documents, including Plaintiff's opposition, on the reply date, March 17, 2020.** The parties shall provide 2 copies of their respective motion documents to Chambers on the dates the documents are served upon their adversary.

Defendants' joint request to be removed from Mediation pending briefing and resolution of the motions to dismiss is also granted. The Clerk of the Court is directed to mail a copy of this endorsement to pro se Plaintiff, show proof of service on the docket and terminate the motions (ECF Nos. 14, 15 and 16).

Dated: December 10, 2019
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/2019



**Office of General Counsel**
**ROBERT T. REILLY**
*General Counsel*

| Albany | Buffalo | New York |
|---|---|---|
| Jennifer N. Coffey | | Lena M. Ackerman |
| *Associate General Counsel* | | *Assistant General Counsel* |
| Michael S. Travinski | | Jennifer A. Hogan |
| *Associate General Counsel* | | *Associate General Counsel* |

October 24, 2019

*VIA ECF*

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    **Lisa Buon v. Lisamarie Spindler, et al.**
               **Civil Case File No. 19-cv-06760(NSR)(JCM)**
               **Our Case No. 264457-F150**

Dear Judge Román:

      Please be advised that this office represents defendant Newburgh Teachers' Association ("Association" or "NTA") in the above-referenced matter. In accordance with your Honor's Rule 3(A)(ii), the Association respectfully requests a pre-motion conference for leave to move to dismiss the Complaint against it pursuant to Rule 12(b)(2), (5) and (6) of the Federal Rules of Civil Procedure ("FRCP").

      Plaintiff is employed by the Newburgh Enlarged City School District ("District") as a principal. As a principal and administrator, she is not a member, or even eligible to become a member of the Association, which is the exclusive bargaining unit for teachers employed by the District. The Association does not make decisions regarding the employment of administrators in the District. In fact, members of the Association are Plaintiff's subordinates. Further, the Association is not a party to Plaintiff's "NSAA" contract. To the extent Plaintiff's Complaint can be read as asserting any kind of claim against the Association, which the Association submits it cannot, such a claim is without merit.

      Plaintiff has failed to obtain personal jurisdiction over the Association due to insufficient service of process. Pursuant to FRCP Rule 4(h)(1), to properly effect service on an association, a summons must be served with a copy of the complaint. The President of the Association, Defendant Stacy Moran, was personally served with a copy of the summons, but no complaint. As a result, Plaintiff has failed to obtain personal jurisdiction over the Association. This Court has dismissed cases where a *pro se* plaintiff failed to effect proper service by not serving a copy of the complaint, and where the summons, as here, "contains no clue as to the nature of plaintiff's complaint." *Bramesco v. Drug Computer Consultants*, 148 F.R.D. 690, 690 (S.D.N.Y. 1993). Furthermore, upon information and belief, no proof of service has been filed with the Court as

required by FRCP Rule 4(l)(1). Where "the validity of service has been contested, plaintiff has the burden of proving proper service." *Comind Participacoes, S.A. v. Terry*, 1992 WL 84567, at *1 (S.D.N.Y. 1992).

Further, Plaintiff has failed to plead, and cannot prove, exhaustion of her administrative remedies against the Association. The Complaint appears to allege discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and New York City Human Rights Law. These claims fail, however, because Plaintiff failed to file a charge with the Equal Employment Opportunity Commission (the "EEOC") or with the New York State Division of Human Rights ("DHR") naming the Association. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (timely filing charge of discrimination with the EEOC is a statutory prerequisite to a Title VII claim); *see also* 42 U.S.C. §§ 2000e-5(e) & 2000e-5(f)(1). Here, because Plaintiff failed to satisfy this mandatory pre-requisite to filing a lawsuit, such claims must be dismissed outright.

The Complaint further fails to state a claim for discrimination or retaliation under state law pursuant to *Martin v. Curran*, 303 N.Y. 276 (1951), which prohibits liability against unincorporated associations, like the Association, unless each and every member of the association ratified the acts/omissions complained of therein. *See also Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014). Plaintiff failed to plead, and cannot prove, that any of the discriminatory or retaliatory acts alleged were ratified by each and every member of the Association.

Even if Plaintiff had properly filed charges of discrimination against the Association, such claims should be dismissed for failure to state a claim under FRCP 12(b)(6). A plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678. If the plaintiff has not "nudged his claim across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Additionally, Plaintiff's Complaint does not allege discrimination or retaliation by the Association. Even assuming *arguendo* Plaintiff's Complaint could be read to include allegations that the Association discriminated against or retaliated against Plaintiff, the Complaint fails to allege any factual basis to support such claims. To establish a discrimination claim against a union, a plaintiff must allege facts that demonstrate at least some indication that the union's actions were motivated by unlawful discrimination or retaliation. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); *Luna v. N. Babylon Teachers Org.*, 11 F.Supp.3d 396, 403 (E.D.N.Y. 2014). The test is the same whether discrimination is asserted under Title VII or 42 U.S.C. § 1981. *See Lee v. ITT Standard*, 258 F.Supp.2d 315, 336 (W.D.N.Y. 2002). The Complaint does not assert any facts to indicate the Association was motivated in any way by discriminatory animus toward Plaintiff. In fact, she could not possibly allege any such facts, as Plaintiff is not a member of the Association and was not a member during the times complained

of. The Association is comprised of her subordinates who lack any authority over Plaintiff's work assignments. As such, these claims must be dismissed.

Plaintiff also failed to state any claims against the Association under state or local law. The standards under the New York State Human Rights Law are the same as those under Title VII. *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 fn. 3 (2004). Therefore, Plaintiff's claim under the New York State Human Rights Law against the Association fails for the same reason as it does under federal law. Although the New York City Human Rights Law is construed more broadly than Title VII or the New York State Human Rights Law, Plaintiff is still required at a minimum to allege that discriminatory animus played a role in a defendant's actions. *See, e.g., Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59 (2d Cir. 2015). Further, the New York City Human Rights Law does not apply, as Newburgh is located outside the City of New York.

Thus, it is respectfully submitted that this Court lacks personal jurisdiction over the Association and the Complaint otherwise fails to state a claim. Therefore, the Association respectfully requests a pre-motion conference. Alternatively, the Association requests an order granting leave to move to dismiss the Complaint.

Respectfully submitted,

ROBERT T. REILLY

By: *[signature]*
Andrea A. Wanner, Esq. (Bar No. AL1445)
Jennifer N. Coffey, Esq. (Bar No. JC0818)
Of Counsel
Attorneys for Defendant NTA
800 Troy-Schenectady Road
Latham, New York 12110
(518) 213-6000
awanner@nysutmail.org
jcoffey@nysutmail.org

AAW/JNC/gr

c:   Lisa Buon (via ECF and First Class Mail)
     Caroline Beth Lineen, Esq. (via ECF and E-mail)
     Lewis R. Silverman (via ECF and E-mail)

#141500

SILVERMAN ATTORNEYS
& ASSOCIATES AT LAW

October 29, 2019

**VIA ECF AND FAX (914) 390-4179**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *Buon v. Newburgh Enlarged City School District, et al.*
            Docket No.:  19-CV-6760 (NSR)
            Our File No:  5001.556

Dear Judge Román:

    We represent the Newburgh Enlarged City School District ("the District"), Lisamarie Spindler, Roberto Padilla, Ed Forgit, Carole Mineo, Gregory Kern, and any other defendants sued in their capacity as District employees[1] (hereinafter collectively referred to as "the District defendants") in the above-referenced matter. Pursuant to your Honor's Individual Practices in Civil Cases, we are writing to request a pre-motion conference and permission to move to dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

    By way of background, the plaintiff, a Black woman, has been employed by the District since 2005. The plaintiff was granted tenure in the position of Elementary Principal in or about 2009. Effective July 1, 2017, she took leave of absence from her Elementary Principal position to serve as a Middle School Principal within the District. In this position, she was subject to a four-year probationary team. However, the plaintiff did not perform satisfactorily in her role as Middle School Principal and she was terminated from this position after two probationary years, effective August 2, 2019. Upon her termination, she was returned to her tenured position of Elementary Principal and she remains employed by the District in that capacity. According to her Complaint, the plaintiff seeks to assert race, national origin, and gender discrimination and retaliation claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). However, the Complaint is subject to dismissal for several reasons.

---

[1] We do not represent the Newburgh Teachers Association ("NTA") It is unclear from the Complaint whether certain individuals are being sued in their capacity as District employees or NTA representatives/officials and to the extent individuals are being sued in their capacity as NTA representatives/officials, they will likely not be represented by our office. However, this remains unresolved at this time because of the vague nature of the allegations in the Complaint.

Initially, the plaintiff has not effectuated proper service of the District defendants within the ninety day deadline to do so. The plaintiff only forwarded a copy of the Summons to the District Clerk via interoffice mail. This does not constitute proper service of the District defendants and the plaintiff's Complaint should be dismissed for this reason pursuant to Rules 12(b)(2) and (5).

The plaintiff's Complaint also fails to state a claim upon which relief can be granted. The Supreme Court has held that 42 U.S.C. § 1983 ("§ 1983") provides the exclusive remedy for alleged violation of the rights provided by § 1981 when the alleged violation was committed by a state actor. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733-35 (1989). The plaintiff asserts her claims only under § 1981. As it remains settled that § 1983 is the exclusive remedy for alleged violations of § 1981 by state actors, the plaintiff cannot maintain his race discrimination and retaliation claims against the District defendants under § 1981 and such claims must be dismissed pursuant to Rule 12(b)(6). The District defendants submit such claims would also be subject to dismissal based on the failure to plead sufficient facts demonstrating that the plaintiff's rights were violated pursuant to the requisite custom, policy, or practice or that the individually named defendants were personally involved in alleged violations.

In addition, the plaintiff did not file a Notice of Claim prior to asserting her claims pursuant to the NYSHRL and NYCHRL. Pursuant to New York Education Law § 3813(1) ("§ 3813(1)"), no action shall be maintained against a school district unless a written verified claim upon which such action is founded was previously prevented to the governing body of the board of cooperative educational services within three months after the accrual of the claim. N.Y. Educ. L. § 3813(1). The compliance with this requirement is a condition precedent and failure to establish such compliance is a fatal defect requiring dismissal of the claim. Bagarozzi v. New York Dept. of Educ., 2019 WL 1454316 at * 3-4 (S.D.N.Y. March 31, 2019); LaFace v. Eastern Suffolk BOCES, 349 F.Supp.3d 126, 162 (E.D.N.Y. 2018); Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 2017 WL 2374363, at *8 (S.D.N.Y. May 31, 2017), aff'd, 750 Fed. Appx. 41 (2d Cir. Sept. 18, 2018). Also, the District is not located within the jurisdiction of New York City, nor does the plaintiff reside there, and thus, the NYCHRL does not apply. Therefore, the plaintiff's claims pursuant to the NYSHRL and NYCHRL must be dismissed pursuant to Rules 12(b)(1) and (6).

Further, the plaintiff fails to plead sufficient factual allegations to raise plausible claims of discrimination and retaliation. More specifically, while the Complaint contains recitations of the plaintiff's apparent disagreement with various employment decisions and performance critiques and her opinion that her supervisors were disrespectful, it is devoid of sufficient factual allegations to demonstrate a plausible nexus between her race, national origin, gender, and/or opposition to discrimination and these complained of decisions/actions. With such facts, the purported claims fail and must be dismissed pursuant to Rule 12(b)(6). Finally, to the extent that the plaintiff seeks to base her claims on any alleged decisions/acts arising more than 300 days prior to her EEOC Charge and/or one year prior to her state law claims, such claims must be dismissed as untimely.

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW

For all the foregoing reasons and others that will be fleshed out further in briefing, the defendants respectfully request that a pre-motion conference be scheduled and that they be permitted to move to dismiss the plaintiff's Complaint. We greatly appreciate the Court's time and attention to this matter.

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: *Caroline B. Lineen*
CAROLINE B. LINEEN

TO: Lisa Buon (via ECF, Electronic Mail, and First Class Mail)
Plaintiff *pro se*

Andrea A. Wanner, Esq.
New York State United Teachers (Via ECF and Electronic Mail)

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW

# SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW

December 3, 2019

**VIA ECF AND FAX (914) 390-4179**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Buon v. Newburgh Enlarged City School District, et al.*
             Docket No.:   19-CV-6760 (NSR)
             Our File No:   5001.556

Dear Judge Román:

      We represent the Newburgh Enlarged City School District ("the District"), Lisamarie Spindler, Roberto Padilla, Ed Forgit, Carole Mineo, Gregory Kern, Stacy Moran, and any other defendants sued in their capacity as District employees (hereinafter collectively referred to as "the District defendants") in the above-referenced matter. We are writing jointly with counsel for the defendant Newburgh Teachers Association ("NTA") to respectfully request that this case be removed from the mediation program at this time.

      Neither the District defendants nor the NTA have filed Answers to the plaintiff's Complaint. Rather, the District defendants and the NTA filed requests for a pre-motion conference as they intend to move to dismiss the Complaint. See DE 14 and 15. As set forth in the pre-motion conference requests, the defendants intend to seek dismissal of the Complaint in its entirety on several grounds. In addition, based on the information currently in our possession and our discussions with our respective clients, it does not appear that settlement is a realistic possibility at this time. As the forthcoming motions may dispose of all claims and the defendants are not interested in settlement at this time, it appears that mediation will not be an efficient use of the parties', the mediator's, and the Court's time and resources.

      Accordingly, the District defendants and the NTA respectfully request that the case be removed from mediation pending briefing and resolution of the intended motions to dismiss.

                                Respectfully submitted,

                              **SILVERMAN & ASSOCIATES**

                              By: *Caroline B. Lineen*
                              CAROLINE B. LINEEN

TO: Lisa Buon (via ECF, Electronic Mail, and First Class Mail)
    Plaintiff *pro se*

    Jennifer N. Coffey, Esq.
    Office of Robert T. Reilly, Esq. (Via ECF and Electronic Mail)

    Sheryl Elias, Esq.
    Mediator (Via Electronic Mail)

    Meredith Gramann
    *Pro Bono* Mediation Counsel (Via Electronic Mail)

    Mediation Office (Via Electronic Mail)

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW