**SILVERMAN | ATTORNEYS**
**& ASSOCIATES | AT LAW**

April 15, 2020

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Buon v. Newburgh Enlarged City School District, et al.*
             Docket No.:   19-CV-6760 (NSR)
             Our File No:   5001.556

Dear Judge Román:

      We represent the defendants Newburgh Enlarged City School District ("the District"), Dr. Roberto Padilla, and Dr. Lisamarie Spindler in the above-referenced matter. Pursuant to your Honor's Individual Practices in Civil Cases, we are writing to request a pre-motion conference and permission to move to dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. We originally filed a pre-motion letter on March 27, 2020 in response to the plaintiff's attempted filing of the Amended Complaint on March 13, 2020. The plaintiff's March 13, 2020 filing was deemed deficient, but the plaintiff re-filed her Amended Complaint on April 1, 2020. In an abundance of caution and so as not to be construed to be in default of the April 1, 2020 Amended Complaint, we are renewing our request for permission to move to dismiss.

      By way of background, the plaintiff, a Black woman, has been employed by the District since 2005. The plaintiff was granted tenure in the position of Elementary Principal in or about 2009. Effective July 1, 2017, she took leave of absence from her Elementary Principal position to serve as a Middle School Principal within the District. In this position, she was subject to a four-year probationary team. However, the plaintiff did not perform satisfactorily in her role as Middle School Principal and she was terminated from this position after two probationary years, effective August 2, 2019. Upon her termination, she was returned to her tenured position of Elementary Principal and she remains employed by the District in that capacity. After the defendants moved to dismiss the plaintiff's initial Complaint, the plaintiff filed an Amended Complaint on March 13, 2020. According to her Amended Complaint, the plaintiff seeks to assert claims for race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fourteenth Amendment pursuant 42 U.S.C. § 1983 ("§ 1983"). The Amended Complaint is subject to dismissal for several reasons.

      As previously argued, the plaintiff has not effectuated proper service of the District defendants within the ninety day deadline to do so. The plaintiff only forwarded a copy of the Summons to the District Clerk via interoffice mail. This does not constitute proper service of the defendants and the plaintiff's Complaint should be dismissed for this reason pursuant to Rules 12(b)(2) and (5). While the plaintiff may now claim that she has proof of personal service upon

Dr. Padilla, the defendants submit that such proof has not been filed with the Court, and in any event, still does not demonstrate sufficient service on Dr. Padilla and the District.  In addition, Dr. Spindler has never been served.

      The plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted.  Despite the amplification of the pleading with certain facts, the Amended Complaint does not contain sufficient factual allegations to plausibly demonstrate a nexus between the plaintiff's race and national origin and the alleged adverse employment actions.  The plaintiff may disagree with various employment decisions and actions, however, the facts as pleaded do not demonstrate that the complained of decisions/acts were made because of her race and national origin.  Finally, to the extent that the plaintiff seeks to base her claims on any alleged decisions/acts arising more than 300 days prior to her EEOC Charge such claims are untimely.

      For all the foregoing reasons and others that will be fleshed out further in briefing, the defendants respectfully request that a pre-motion conference be scheduled and that they be permitted to move to dismiss the plaintiff's Amended Complaint.  Should the Court desire to dispense of the pre-motion conference requirement, we will be happy to work with plaintiff's counsel to submit a mutually agreed upon briefing schedule for approval.  We greatly appreciate the Court's time and attention to this matter.

      Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: *Caroline B. Lineen*
CAROLINE B. LINEEN

TO: Sussman & Associates (Via ECF)
      Attorneys for Plaintiff

**SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW**