## MEMORANDUM ENDORSEMENT

<u>Buon v. Spindler, *et al.*</u>, 19-cv-6760 (NSR)

The Court is in possession of (a) Defendants' letters, dated March 27, 2020 and April 15, 2020, respectively, seeking leave to file a motion to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (ECF Nos. 25 & 29), and (b) Plaintiff's response, dated April 22, 2020 (ECF No. 30). The Court waives the pre-motion conference requirement and grants Defendants leave to file a motion to dismiss in accordance with the following briefing schedule.

Defendants' moving papers are to be served (not filed) on June 23, 2020; Plaintiff's opposition is to be served (not filed) on July 23, 2020; and Defendants' reply is to be served on August 7, 2020.

All motion documents shall be filed on ECF by the reply date, August 7, 2020. The parties shall provide two courtesy copies of their respective documents to chambers as the documents are served.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 25 & 29.

Dated: April 24, 2020
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2020

Even assuming, *arguendo*, that the plaintiff properly served the defendants, her claims are still subject to dismissal. To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). Here, the plaintiff's Amended Complaint does not plead sufficient facts to demonstrate that she was qualified for the Middle School Principal position or that the circumstances of her termination give rise to any inference of discrimination. Further, to the extent that the plaintiff claims that she was discriminated against in her Elementary Principal position, such claims must fail as she has not suffered any adverse employment action in that role. She has been continuously employed as an Elementary Principal and currently remains in this position.

The plaintiff's Amended Complaint is devoid of any facts to demonstrate that her termination from the Middle School Principal position, or any other action by the District, was motivated by her race or national origin. Although the plaintiff makes a conclusory assertion that she was "treated differently" than other similarly situated employees outside of her protected class, she fails to identify any such individuals or provide any facts to support this claim. *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (a plaintiff must plead facts sufficient to give "plausible support to a minimal inference of discriminatory motivation"). The plaintiff's vague and conclusory allegations are insufficient to state a claim under Title VII and her claim must be dismissed.

Similarly, the plaintiff's § 1983 claim against the individual defendants must be dismissed. To state a § 1983 claim for an equal protection violation, a plaintiff must allege that the defendant acted with discriminatory intent. *See Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012). As set forth above, the plaintiff's Amended Complaint fails to plead any facts to demonstrate that Dr. Padilla or Dr. Spindler acted with discriminatory intent. Additionally, the plaintiff has failed to plead the personal involvement of Dr. Padilla or Dr. Spindler in any alleged constitutional violation, which is a prerequisite to liability under § 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Further, the plaintiff's § 1983 claim against the District must be dismissed because she has failed to plead any facts to demonstrate that her alleged constitutional deprivation resulted from an official policy or custom of the District, as required under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). The plaintiff's conclusory allegations that the District has a policy or custom of discrimination are insufficient to state a *Monell* claim. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

For the foregoing reasons, the defendants respectfully request a pre-motion conference and permission to move to dismiss the plaintiff's Amended Complaint. Thank you for your consideration of this request.

Respectfully submitted,

SILVERMAN & ASSOCIATES

cc:   All counsel of record (via ECF)

The plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted. Despite the amplification of the pleading with certain facts, the Amended Complaint does not contain sufficient factual allegations to plausibly demonstrate a nexus between the plaintiff's race and national origin and the alleged adverse employment actions. The plaintiff may disagree with various employment decisions and actions, however, the facts as pleaded do not demonstrate that the complained of decisions/acts were made because of her race and national origin. Finally, to the extent that the plaintiff seeks to base her claims on any alleged decisions/acts arising more than 300 days prior to her EEOC Charge such claims are untimely.

For all the foregoing reasons and others that will be fleshed out further in briefing, the defendants respectfully request that a pre-motion conference be scheduled and that they be permitted to move to dismiss the plaintiff's Amended Complaint. Should the Court desire to dispense of the pre-motion conference requirement, we will be happy to work with plaintiff's counsel to submit a mutually agreed upon briefing schedule for approval. We greatly appreciate the Court's time and attention to this matter.

Respectfully submitted,

SILVERMAN & ASSOCIATES

By: *Caroline B. Lineen*
CAROLINE B. LINEEN

TO: Sussman & Associates (Via ECF)
Attorneys for Plaintiff

SILVERMAN | ATTORNEYS
& ASSOCIATES | AT LAW

# SILVERMAN & ASSOCIATES | ATTORNEYS AT LAW

April 15, 2020

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Buon v. Newburgh Enlarged City School District, et al.*
            Docket No.:   19-CV-6760 (NSR)
            Our File No:   5001.556

Dear Judge Román:

      We represent the defendants Newburgh Enlarged City School District ("the District"), Dr. Roberto Padilla, and Dr. Lisamarie Spindler in the above-referenced matter. Pursuant to your Honor's Individual Practices in Civil Cases, we are writing to request a pre-motion conference and permission to move to dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. We originally filed a pre-motion letter on March 27, 2020 in response to the plaintiff's attempted filing of the Amended Complaint on March 13, 2020. The plaintiff's March 13, 2020 filing was deemed deficient, but the plaintiff re-filed her Amended Complaint on April 1, 2020. In an abundance of caution and so as not to be construed to be in default of the April 1, 2020 Amended Complaint, we are renewing our request for permission to move to dismiss.

      By way of background, the plaintiff, a Black woman, has been employed by the District since 2005. The plaintiff was granted tenure in the position of Elementary Principal in or about 2009. Effective July 1, 2017, she took leave of absence from her Elementary Principal position to serve as a Middle School Principal within the District. In this position, she was subject to a four-year probationary team. However, the plaintiff did not perform satisfactorily in her role as Middle School Principal and she was terminated from this position after two probationary years, effective August 2, 2019. Upon her termination, she was returned to her tenured position of Elementary Principal and she remains employed by the District in that capacity. After the defendants moved to dismiss the plaintiff's initial Complaint, the plaintiff filed an Amended Complaint on March 13, 2020. According to her Amended Complaint, the plaintiff seeks to assert claims for race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fourteenth Amendment pursuant 42 U.S.C. § 1983 ("§ 1983"). The Amended Complaint is subject to dismissal for several reasons.

      As previously argued, the plaintiff has not effectuated proper service of the District defendants within the ninety day deadline to do so. The plaintiff only forwarded a copy of the Summons to the District Clerk via interoffice mail. This does not constitute proper service of the defendants and the plaintiff's Complaint should be dismissed for this reason pursuant to Rules 12(b)(2) and (5). While the plaintiff may now claim that she has proof of personal service upon

Dr. Padilla, the defendants submit that such proof has not been filed with the Court, and in any event, still does not demonstrate sufficient service on Dr. Padilla and the District. In addition, Dr. Spindler has never been served.

The plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted. Despite the amplification of the pleading with certain facts, the Amended Complaint does not contain sufficient factual allegations to plausibly demonstrate a nexus between the plaintiff's race and national origin and the alleged adverse employment actions. The plaintiff may disagree with various employment decisions and actions, however, the facts as pleaded do not demonstrate that the complained of decisions/acts were made because of her race and national origin. Finally, to the extent that the plaintiff seeks to base her claims on any alleged decisions/acts arising more than 300 days prior to her EEOC Charge such claims are untimely.

For all the foregoing reasons and others that will be fleshed out further in briefing, the defendants respectfully request that a pre-motion conference be scheduled and that they be permitted to move to dismiss the plaintiff's Amended Complaint. Should the Court desire to dispense of the pre-motion conference requirement, we will be happy to work with plaintiff's counsel to submit a mutually agreed upon briefing schedule for approval. We greatly appreciate the Court's time and attention to this matter.

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: *Caroline B. Lineen*
CAROLINE B. LINEEN


TO: Sussman & Associates (Via ECF)
Attorneys for Plaintiff

**SILVERMAN | ATTORNEYS**
**& ASSOCIATES | AT LAW**

## SUSSMAN & ASSOCIATES
### - Attorneys at Law -

---

| MICHAEL H. SUSSMAN<br>JONATHAN R. GOLDMAN | 1 Railroad Ave. - Suite 3<br>P.O. Box 1005<br>Goshen, New York 10924<br><br>(845) 294-3991<br>Fax: (845) 294-1623<br>sussman1@frontiernet.net | LEGAL ASSISTANT<br>SARAH OSBORNE<br><br>CHRISTOPHER D. WATKINS<br>of Counsel |

April 22, 2020

**Via ECF**

Honorable Nelson S. Roman
United States District - SDNY
300 Quarropas Street
White Plains, NY 10601

Re: *Buon v. Newburgh Enlarged City School District*, 19 cv 6760 (NSR)

Dear Judge Roman,

I represent plaintiff in this matter. First, I trust the court, its family and staff are all well and safe.

Defendants seek leave to file a motion to dismiss the Amended Complaint. First, it remains my understanding that, as a *pro se* plaintiff, my client did properly serve each defendant. I expect to file proof of the service which she completed by the end of this week. Second, the Amended Complaint sufficiently sets forth facts, which, if proven at trial, would sufficiently predicate the discrimination and retaliation causes of action. Defendants' letter of April 15, 2009 does not provide any basis for challenging this, but rather makes conclusory statements to the contrary. Plaintiff was plainly subjected to adverse employment actions and her Amended Complaint sufficiently sets forth facts which would allow a finder of facts to conclude that impermissible bases underlay defendants' actions.

Plaintiff would far prefer to engage in discovery and avert early motion practice which, I believe, will inevitably cause substantial delay in the resolution of this matter. Of course, I am also available for a conference, however held, to assist the Court in determining how to proceed.

Respectfully submitted,

Michael H. Sussman

cc: Ms. Lineen