UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DR. LISA BUON,

                            Plaintiff,                  19-CV-6760 (NSR)

        -   against  -

THE NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, ROBERT PADILLA, and DR.
LISA M. SPINDLER,

                            Defendants.
---------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS


*Of Counsel: Caroline B. Lineen*

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT**.................................................................1

**STATEMENT OF FACTS**....................................................................1

    **Factual Background**..................................................................1

    **Procedural History**...................................................................4

**STANDARD OF REVIEW**...................................................................5

**ARGUMENT**.............................................................................7

    **POINT I:**    **THE COURT LACKS PERSONAL JURISDICTION
OVER THE DEFENDANTS BASED ON DEFICIENT
SERVICE OF PROCESS**.............................................7

    **POINT II:**    **PLAINTIFF CANNOT MAINTAIN A TITLE VII
CLAIM BASED ON THE TERMINATION FROM
THE SMS PRINCIPAL POSITION**...........................11

    **POINT III:**    **PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS
OF RACE AND/OR NATIONAL ORIGIN
DISCRIMINATION**..................................................12

    **POINT IV:**    **PLAINTIFF FAILS TO STATE A PLAUSIBLE
HOSTILE WORK ENVIRONMENT CLAIM**.........................16

**CONCLUSION**............................................................................17

i

# TABLE OF AUTHORITIES

Cases                                                                                          Page(s)

*A.C. v. Brockport Cent. Sch. Dist.*,
   2009 WL 1044558 (W.D.N.Y. Apr. 16, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Bowen-Hooks v. City of New York*,
   13 F. Supp. 3d 179 (E.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Boza–Meade v. Rochester Hous. Auth.*,
   170 F. Supp. 3d 535 (W.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*,
   419 F.Supp.2d 419 (S.D.N.Y.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carlton v. Mystic Transp., Inc.*,
   202 F.3d 129 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Darden v. Daimler Chrysler N. Am. Holding Corp.*,
   191 F.Supp.2d 382 (S.D.N.Y.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*DiFillippo v. Special Metals Corp.*,
   299 F.R.D. 348 (N.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dimitracopoulos v. City of New York*,
   26 F.Supp.3d 200 (E.D.N.Y. June 2, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fairbrother v. Morrison*,
   412 F.3d 39 (2nd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Farina v. Branford Bd. of Educ.*,
   458 F. App'x 13 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ferrer v. Superintendent Orange Cty.* Jail,
   2010 WL 306977 (S.D.N.Y. Jan. 26, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fort Bend County, Texas v. Davis*,
   139 S.Ct. 1843 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*George v. New York City Health and Hospitals, Corp.*,
   2012 WL 1072274 (E.D.N.Y. Mar. 29, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Guity v. Uniondale Union Free Sch. Dist.*,
   2017 WL 9485647 (E.D.N.Y. Feb. 23, 2017), adopted by,
   2017 WL 1233846 (E.D.N.Y. Mar. 31, 20172017) . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Hardaway v. Hartford Public Works Dept.*,
   879 F.3d 486 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Hawthorne v. Baptist Hosp., Inc.*,
   2006 WL 2302835 (N.D. Fl. Aug. 8, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Howard v. Klynveld Peat Marwick Goerdeler*,
   977 F.Supp. 654 (S.D.N.Y.1997), aff'd 173 F .3d 844
      (2d Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
   399 F. Supp. 2d 325 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Iqbal v. Hasty*,
   2007  WL 1717803 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Jackson v. City of N.Y.*,
   2015 WL 4470004 (S.D.N.Y. June 26, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Johnson v. New York City Bd. of Educ.*,
   2001 WL 1586692 (2d Cir. Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Johnson v. Quik Park Columbia Garage Corp.*,
   1995 WL 258153 (S.D.N.Y. May 2, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Kulkarni v. City Univ. of New York*,
   2001 WL 1415200 (S.D.N.Y. Nov. 13, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Lawtone-Bowles v. City of New York, Dept. of Sanitation*,
   22 F. Supp. 3d 341 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Lightfoot v. Union Carbide Corp.*,
   110 F.3d 898 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Marshall v. N.Y. City Bd. of Elections*,
   322 Fed.Appx. 17 (2d Cir.2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

*McKenna v. Wright*,
   386 F.3d 432 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Mende v. Milestone Technology, Inc.*,
   269 F.Supp.2d 246 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

*Mento v. Potter*,
   2012 WL 1908920 (W.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

iii

*Minholz v. Lockheed Martin Corp.*,
 227 F. Supp. 3d 249 (N.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nobriga v. Dalton*,
 1996 WL 294354 (E.D.N.Y. May 28, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
 484 U.S. 97 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Parekh v. Swissport Cargo Servs., Inc.*,
 2009 WL 290465 (E.D.N.Y. Feb. 5, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Parker v. Mack*,
 61 N.Y.2d 882 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Petrosino v. Bell A.*,
 385 F.3d 210 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Preston v. New York*,
 233 F.Supp.2d 452 (S.D.N.Y.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rodriguez v. Glen Cove City Sch. Dist.*,
 2016 WL 951524 (E.D.N.Y. Mar. 8, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ruggieri v. Harrington*,
 146 F. Supp. 2d 202 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ruiz v. Cnty. of Rockland*,
 609 F.3d 486 (2d Cir.2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Schafer v. Wadman*,
 1992 WL 350750 (S.D.N.Y. Nov. 17, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Schnabel v. Abramson*,
 232 F.3d 83 (2d Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sesay-Harrell v. NYC Dep't of Homeless Servs.*,
 2013 WL 6244158 (S.D.N.Y. Dec. 2, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Taylor v. Milly's Pizzeria, Inc.*,
 2016 WL 2991090 (E.D.N.Y. Apr. 19, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tepperwien v. Entergy Nuclear Operations, Inc.*,
 663 F.3d 556 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Vaher v. Town of Orangetown*,
 916 F.Supp.2d 404 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Valenti v. Massapequa Union Free Sch. Dist.*,
 2012 WL 1038811 (E.D.N.Y. Mar. 28, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Vidurek v. Koshinen*,
 789 Fed. Appx. 889 (2d Cir. Oct. 15, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statutes

*N.Y. Educ. L. §§ 1711(2)(a) and 2508(1)* ......................................................8

*N.Y. Educ. L§ 2(13)* ...........................................................8

Rules

CPLR § 308(2) ...........................................................9

*CPLR § 311(a)(7)* ...........................................................8, 9

*Fed. R. Civ. P. 4(c)(1) and (m)* ...........................................................7

*Fed. R. Civ. P. 4(e)* ...........................................................9

*Fed. R. Civ. P. 4(j)(2)* ...........................................................8

*Fed. R. Civ. P. 4(l)* ...........................................................7

## PRELIMINARY STATEMENT

The defendants, Newburgh Enlarged City School District ("the District"), Dr. Roberto Padilla ("Dr. Padilla") (*incorrectly sued herein as "Robert Padilla"*), and Dr. Lisamarie Spindler ("Dr. Spindler") (*incorrectly sued herein as "Lisa M. Spindler"*), by and through their attorneys, Silverman & Associates, respectfully submit this Memorandum of Law in support of their motion to dismiss the plaintiff's Amended Complaint pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.   As is more fully discussed below, the plaintiff's Amended Complaint must be dismissed as a matter of law because: the plaintiff did not effectuate timely and proper service on the defendants, the Amended Complaint fails to state sufficient factual allegations to raise plausible claims against the defendants, and because certain claims are untimely.

## STATEMENT OF FACTS[1]

### *Factual Background*

The plaintiff is an African American woman of West Indian descent.   See Exhibit "A", ¶ 1.   Dr. Padilla is the Superintendent of the District.   Id., ¶ 3.   Dr. Spindler is the Assistant Superintendent for Secondary Curriculum and Instruction.   Id., ¶ 4.

From 2005 through the end of the 2016-17 school year, the plaintiff was employed by the District as Principal of Horizons-on-Hudson Elementary School ("HOH").   Id., ¶ 5.   In or about spring 2017, Dr. Padilla inquired whether the plaintiff would be willing to become Principal of South Middle School ("SMS"), a troubled school within the District.   When plaintiff expressed

---

[1] Unless otherwise noted, the facts are taken from the Complaint and are assumed to be true for purposes of this motion only.  The defendants expressly reserve the right to dispute the accuracy and truth of facts alleged by the plaintiff at a later time if necessary.

concern about her tenure at the elementary level, Dr. Padilla arranged for the plaintiff to retain tenure as an elementary principal while she served as Principal of SMS.  Id., ¶¶ 7-10.

Thereafter, the plaintiff was appointed to be the Principal of SMS effective July 1, 2017. She was subject to a four year probationary period as Principal of SMS subject to ratings "effective" or "highly effective" in three of the of the four years.  Id., ¶ 10.  In 2017-18, the plaintiff's first year as SMS Principal, she was successful, coordinated the RISE program, and worked summer school.  Id., ¶ 12.  During this 2017-18 school year, the plaintiff was not called to disciplinary meetings and issues about her performance were not raised by her supervisors.  Id., ¶ 13.

The plaintiff alleges that following Dr. Spindler's appointment to the role of Assistant Superintendent for Curriculum and Instruction and becoming plaintiff's immediate supervisor, she was consistently subject to performance critiques, invited to disciplinary meetings, and chastised during the 2018-19 school year.  Id., ¶¶ 14-15.  She further alleges that Dr. Padilla and Dr. Spindler denied her authority and support needed to continue certain programs she implemented in 2017-18 and ignored other requests for support.  Dr. Spindler allegedly issued directives to plaintiff that she not issue other the other middle school principals, excluded the plaintiff from walk-throughs of SMS but then critiqued her based on such walk-throughs, sought to impeded the SMS School Leadership Teams choice of math programs, failed to hold meetings with the plaintiff, and unfairly chastised her for not attending or being prepared for meetings.  Id., ¶¶ 17- 34, 60-61.  The plaintiff also alleges that Dr. Padilla, contrary to his treatment of other principals, directed the plaintiff to respond to meeting invites within twenty-four hours of receipt and explain why she could not attend meetings, and questioned her attendance and tardiness.  Id., ¶¶ 45-47, 56-58.

2

The plaintiff alleges she was issued a "critical letter of evaluation" on November 30, 2018 by a "senior administrator" containing false accusations.  Shortly thereafter, the plaintiff made an internal hostile work environment complaint against Dr. Spindler.  Id., ¶¶ 35-37.  She alleges that Dr. Spindler then provided late notice of a presentation the two were supposed to collaborate on for an academic cabinet meeting, leading her to be humiliated and appear unprepared.  Id., ¶¶ 38-40.

The plaintiff alleges that in or about January 2019, she applied for but was denied the position of administrator of the R.I.S.E  after-school program.[2]  She had previously held this position.   At Dr. Padilla's recommendation, a less qualified, newly-hired Central Office administrator was appointed to the position.  This individual is neither African American nor West Indian.  Id., ¶¶ 48-53.

In or about mid-March 2019, Dr. Padilla and Dr. Spindler and members of the Board of Education met with leaders from the Newburgh Teachers' Association ("NTA") and some teachers, during which problems at SMS were discussed.   The plaintiff alleges these issues preceded her arrival as Principal of SMS.   Dr. Padilla and Dr. Spindler did not defend her during this meeting and instead made her the scape-goat to appease complaining staff.  Id., ¶¶ 62-64.  Also in March 2019, Dr. Padilla and the Board of Education President met with the NTA President and heard from teachers who were dissatisfied with the plaintiff and school conditions at SMS, and they credited these teachers' allegations rather than explanations provided by the plaintiff.  The NTA attorney represented the meeting was to get rid of the plaintiff.  Id., ¶¶ 67-68.

---

[2] The R.I.S.E Program serves to keep suspended students connected to the academic experience they are missing during the suspension period

In May 2019, the plaintiff applied for an administrative position in the summer school program, but despite being qualified, she was not selected for one of the administrative positions. Another Black, West-Indian qualified candidate was also not selected for the position. A white candidate without building administrator experience, a requirement for the position, was hired for one of the administrative positions. Id., 69-74.

On or about May 22, 2019, Dr. Padilla informed the plaintiff he was recommending she be terminated as Principal of SMS. Dr. Padilla provided the plaintiff with written reasons for his recommendation and the plaintiff contends such reasons were pretextual and she submitted a rebuttal. Plaintiff claims she was rated as "effective" for the 2018-19 school year. The plaintiff was terminated on July 2, 2019. See Exhibit "G". As a result of her termination from the SMS Principal position, she returned to an elementary principal position within the District, which she alleges resulted in a loss of salary of approximately $8,000. Id., ¶¶ 76-81; Exhibit "G".

*Procedural History*

The Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about April 4, 2019. The EEOC issued a Dismissal and Right to Sue Letter to the plaintiff on or about April 23, 2019. See Exhibit "A", ¶ 94; Exhibit "B".

On or about July 19, 2019, the plaintiff filed a Complaint in this Court. See Docket Entry ("DE") 1. On or about July 30, 2019, this Court issued an Order directing the plaintiff to serve the Summons *and Complaint* on each defendant within ninety days of issuance of the Summonses. See DE 6 (emphasis added). The Court cautioned the plaintiff that if she did not complete service of the Summons and Complaint on the defendants within that deadline, it may dismiss her claims. Id.

On July 31, 2019, Summonses were issued for the defendants. See DE 7/31/19. On or about August 5, 2019, a single Summons with a list of names was hand delivered to Dr. Padilla.  The envelope delivered to Dr. Padilla did not contain a Complaint or sufficient copies for service on all the defendants.  See Exhibit "C", ¶¶ 3-5; Exhibit "F".  Dr. Padilla's office forwarded these documents to District Clerk, Matthew McCoy, via Inter-office Mail.  Id., ¶ 6; Exhibit "D", ¶¶ 4-6.  Neither the District nor Dr. Padilla were ever served with a Complaint in this matter.  Dr. Spindler was never personally served or served via mail with a Summons or Complaint.  See Exhibit "C", ¶¶ 7-9; Exhibit "D", ¶¶ 7-10; Exhibit "E", ¶¶  3-7.

After the defendants moved to dismiss the initial Complaint, the plaintiff filed the instant Amended Complaint.  According to the Amended Complaint, the plaintiff asserts claims for race and national origin discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. §1983 ("§ 1983") and Title VII of the Civil Rights Act of 1964 ("Title VII").  The Amended Complaint should be dismissed for several reasons.

## **STANDARD OF REVIEW**

Before addressing the Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction. *Mende v. Milestone Technology, Inc.,* 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003).  Rule 12(b)(2) requires the dismissal of an action against any defendant over whom the federal court lacks *in personam* jurisdiction. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005). The plaintiff bears the burden of proof to demonstrate that the Court has jurisdiction over the defendants and the plaintiff must provide allegations of a factually specific nature to confer jurisdiction. *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016).  Conclusory statements will be considered insufficient proof. Id.

A motion under Rule 12(b)(4) lies to challenge noncompliance with Rule 4(b) and the provisions of Rule 4 addressing the requisite content of a summons. *Jackson v. City of N.Y.,* 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015).  An objection to the sufficiency of process must identify specific substantive deficiencies in the summons or complaint. *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352–53 (N.D.N.Y. 2014).

When a court is presented with a Rule 12(b)(5) dismissal motion arguing insufficiency of process, it should look to matters outside the pleading to determine "what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.,* 419 F.Supp.2d 419, 427 (S.D.N.Y.2005), <u>quoting</u>, *Darden v. Daimler Chrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 387 (S.D.N.Y.2002). The burden is on the plaintiff to prove proper service and conclusory statements of proper service are insufficient to withstand dismissal. *Mende,* 269 F.Supp.2d at 251 (S.D.N.Y.2003); *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd,* 173 F .3d 844 (2d Cir.1999); *Preston v. New York,* 233 F.Supp.2d 452, 466 (S.D.N.Y.2002).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." *F.R.C.P 12(b)(6).*  In reviewing a motion to dismiss, a Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Iqbal v. Hasty*, 2007  WL 1717803 (2d Cir. 2007).  However, this does not relieve the plaintiffs of the obligation to plead facts sufficient to assert a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  As the Supreme Court announced in *Ashcroft v. Iqbal*, the Court must approach the factual allegations in a complaint in two parts.  First, the Court is not required to accept as true allegations that are nothing more than legal conclusions.  The Court then,

assuming all well-plead allegations to be true, must determine if they "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requires more than a sheer possibility that a defendant's conduct was unlawful. *Id*. at 1949. Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp*, 127 S.Ct, 1955, 1965 (2007).

## ARGUMENT

**POINT I:      THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS BASED ON DEFICIENT PROCESS AND IMPROPER SERVICE**

Timely and proper service is required for a court to possess personal jurisdiction over a claim. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, unless service is waived, a copy of the summons *and* complaint must be served on the defendant within ninety days of the filing of the complaint.[3] *Fed. R. Civ. P. 4(c)(1) and (m).* Proof of service must be filed with the court. *Fed. R. Civ. P. 4(l).* Here, there are several deficiencies in process and service.

The plaintiff's Complaint was filed on July 19, 2019 and on July 30, 2019 the Court issued an Order directing the plaintiff to serve the Summons and Complaint on each defendant within ninety days of issuance of the Summonses. See DE 1, 6. The Court cautioned the plaintiff that if she did not complete service of the Summons and Complaint on the defendants within that deadline, it may dismiss her claims. See DE 6. On July 31, 2019, Summonses were issued for the defendants. See DE 7/31/19. Thus, pursuant to Rule 4(m) and this Court's Order, the plaintiff was required to execute service of the Summons and Complaint on all defendants by October 29, 2019. She failed to do so.

---

[3] In New York, a summons without notice or a complaint is also jurisdictionally defective. *Parker v. Mack*, 61 N.Y.2d 882 (1984)

Service on a school district may be accomplished by delivering a copy of the summons and complaint to the chief executive officer or serving in the manner prescribed by state law for serving process on such a defendant. *Fed. R. Civ. P. 4(j)(2).* The chief executive officer for purposes of a school district is the superintendent. *N.Y. Educ. L. §§ 1711(2)(a) and 2508(1).*

Dr. Padilla was personally served with a single Summons and list of names on August 5, 2019. However, he was not served with a Complaint accompanying the Summons. Nor was he served with multiple copies of the Summons and list of names for each defendant named in the Complaint. See Exhibit "C", ¶¶ 3-5, 8; Exhibit "F". As Dr. Padilla was only served with a Summons and list of names and never served with Complaint, service of process was insufficient and personal jurisdiction over the District and Dr. Padilla has not been secured. *George v. New York City Health and Hospitals, Corp.*, 2012 WL 1072274 at * 2-3 (E.D.N.Y. Mar. 29, 2012) (dismissing action where plaintiff failed to copy of complaint on defendants); *Hawthorne v. Baptist Hosp., Inc.*, 2006 WL 2302835 at * 1 (N.D. Fl. Aug. 8, 2006) (service of summons without the operative complaint was not sufficient).

Under New York law, service may also be properly effectuated on a school district by personal service upon a "school officer, as defined in the education law." *CPLR § 311(a)(7).* A "school officer," per the Education Law, can be a "clerk, collector or treasurer of any school district," a trustee, member of the board of education or body in control of schools, or even a superintendent, district superintendent "or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system." *N.Y. Educ. L§ 2(13).*

The plaintiff never served the District Clerk with a Summons and Complaint in this matter. Rather, the plaintiff served the Superintendent with only a single Summons and list of

8

names, which was then forwarded by the Superintendent to the District Clerk.   See Exhibit "C",

¶ 6, 9; Exhibit "D", ¶¶ 4-8.   This is not sufficient service under CPLR § 311(a)(7).

The plaintiff also failed to secure personal jurisdiction over the individually named

defendants.   Service on an individual can be accomplished a number of ways.   *Fed. R. Civ. P.

4(e)*; *see also Vidurek v. Koshinen*, 789 Fed. Appx. 889, 893 (2d Cir. Oct. 15, 2019).   To date,

Dr. Spindler has never been personally served.   Nor has she properly served via the alternative

methods to personal service under either the Federal Rules or the New York Civil Practice Law

and Rules.   See Exhibit "E", ¶¶ 3-7.   A copy of the Summons and Complaint was not left for her

at her usual dwelling or place of abode with someone of suitable age and discretion.   In addition,

even assuming, *arguendo*, the Summons with list of names provided to Dr. Padilla could be

construed as proper process without an accompanying Complaint, Dr. Padilla was not authorized

to accept service on behalf of Dr. Spindler.   See Exhibit "C", ¶¶ 7; Exhibit "E", ¶¶ 5-6.

Significantly, even the proof of service recently filed by the plaintiff represents that service was

made on Dr. Padilla as the person authorized to accept on behalf of *the District*, not Dr. Spindler.

See DE 31.[4]   Further, the delivery of the Summons to Dr. Padilla does not constitute sufficient

service to a person of suitable age and discretion at Dr. Spindler's place of employment because

it did not include a copy of the document for each defendant and the plaintiff failed to comply

with the subsequent mailing requirements of CPLR § 308(2) to effectuate proper service in this

manner. *Johnson v. Quik Park Columbia Garage Corp.*, 1995 WL 258153 at * 2 (S.D.N.Y. May

2, 1995) (service was not compliant with CPLR § 308(2) where plaintiff ailed to subsequently

mail papers).   See Exhibit "E", ¶¶ 4-7; DE 31.

---

[4] The plaintiff filed proof of service on April 22, 2020.

Dr. Padilla was also not properly personally served even though he received the envelope containing the Summons and list of names.  As noted above, the envelope only contained one copy of the documents, not copies for each of the named defendants.  As the proof of service recently filed by the plaintiff represents, the process server was attempting service on the District, not Dr. Padilla in his individual capacity.  *Schafer v. Wadman*, 1992 WL 350750 at * 3 (S.D.N.Y. Nov. 17, 1992).  Moreover, even if deemed to have been presented for service upon both the District and Dr. Padilla, the papers do not constitute sufficient service of process as the Summons was not accompanied by the Complaint.

The plaintiff did not properly serve the defendants by the October 29, 2019 deadline.  She failed to take any efforts to correct the deficiencies in service any time thereafter and to date, despite being notified on several occasions that the defendants disputed service.  See DE 15, 25, 29.  As the plaintiff failed to effectuate proper service of process on the defendants within the deadlines proscribed by this Court and Rule 4(m), the Court lacks personal jurisdiction over the defendants.  Accordingly, the plaintiff's Amended Complaint and all causes of action therein must be dismissed as matter of law pursuant to Rules 12(b)(2), (4), and (5) and 4(m) of the Federal Rules of Civil Procedure.  *Fed. R. Civ. P. 4(m); Johnson v. New York City Bd. of Educ*., 2001 WL 1586692 at * 1-2 (2d Cir. Dec. 6, 2001); *Ferrer v. Superintendent Orange Cty.* Jail, 2010 WL 306977 at * 4 (S.D.N.Y. Jan. 26, 2010); *Vaher v. Town of Orangetown*, 916 F.Supp.2d 404, 419-22 (S.D.N.Y. 2013); *Nobriga v. Dalton*, 1996 WL 294354 at * 3 (E.D.N.Y. May 28, 1996); *Taylor v. Milly's Pizzeria, Inc.,* 2016 WL 2991090 at * 1 (E.D.N.Y. Apr. 19, 2016); A.*C. v. Brockport Cent. Sch. Dist*., 2009 WL 1044558 at * 3-4 (W.D.N.Y. Apr. 16, 2009).

**POINT II:**   **PLAINTIFF CANNOT MAINTAIN A TITLE VII CLAIM BASED ON THE TERMINATION FROM SMS PRINCIPAL POSITION**

A plaintiff asserting claims pursuant to Title VII is required to have timely filed a charge of discrimination with the EEOC.  In New York, the EEOC charge must be filed within 300 days of the alleged discriminatory act.  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906-07 (2d Cir. 1997).  This administrative filing requirement is not considered a jurisdictional prerequisite and rather operates like a statute of limitations.  *Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1850 (2019); *Hardaway v. Hartford Public Works Dept.*, 879 F.3d 486, 491 (2d Cir. 2018).  Thus, the defense of a failure to file a timely EEOC charge is considered an affirmative defense and the burden of proof is on the defendant.  *Hardaway*, 879 F.3d at 491.  "[A]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

The plaintiff alleges in her Amended Complaint that she timely exhausted the requisite administrative remedies.  See Exhibit "A", ¶ 94.  By pleading such in attempt to establish the timely exhaustion, she implicates a defense that she failed to do so, and thus, the defense is properly raised and considered in this motion.  Contrary to the plaintiff's allegations, she failed to file a timely EEOC charge and to exhaust the requisite administrative remedies with respect to any claims arising out of the termination from the position of SMS Principal.

The plaintiff filed her EEOC charge on April 4, 2019 and it was dismissed on April 23, 2019.  See Exhibit "B".  Her EEOC charge did not include a claim for termination or allege that she was being constructively terminated or would be terminated because of her race and/or national origin.  She did not file an additional EEOC charge after being notified she would be terminated from her position as SMS Principal.  This termination was an act separate and

11

discrete act from other alleged unlawful employment actions.  As she did not file an EEOC

charge alleging she was terminated for discriminatory reasons within 300 days of notification of

the termination, the Title VII claims based on the termination from the SMS Principal position

should be dismissed.  *Kulkarni v. City Univ. of New York*, 2001 WL 1415200 at 3–4 (S.D.N.Y.

Nov. 13, 2011).

The same is true with respect to any Title VII claims arising out of the alleged failure to

hire the plaintiff for a summer school position for the summer 2019.  Her EEOC charge does not

include claims based on such alleged denial.  She did not file an additional EEOC charge or amend

her charge to include claims based on the denial of appointment to the summer school program.

Accordingly, she has not exhausted her administrative remedies with respect to any such claims

and any and all Title VII claims based on the alleged discriminatory denial of an appointment to a

summer school position for summer 2019.

## POINT III:   PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS OF RACE AND/OR NATIONAL ORIGIN DISCRIMINATION

The Amended Complaint contains numerous allegations that amount to workplace

grievances, disagreements with supervisors, and dissatisfaction with performance critiques.

However, most of the alleged acts do not constitute adverse employment actions and thus cannot

form the basis for plausible claims of discrimination. It is well established that, "absent some

accompanying adverse result such as demotion, diminution of wages, or other tangible loss," a

negative evaluation or other criticism does not constitute an adverse employment

action. See, e.g. *Fairbrother v. Morrison*, 412 F.3d 39, 56-57 (2nd Cir. 2005)(unsatisfactory

evaluation did not constitute and adverse employment action where plaintiff did not assert that

evaluation negatively altered her compensation, benefits, or job title); *Dimitracopoulos v. City of

New York*, 26 F.Supp.3d 200, 214-215 (E.D.N.Y. June 2, 2014)(dismissing claims based upon

allegedly negative evaluations where plaintiff did not allege in her complaint any facts to suggest that her title, benefits, or other conditions of employment had been altered as a result of allegedly discriminatory negative evaluations); *Farina v. Branford Bd. of Educ.*, 458 F. App'x 13, 16–17 (2d Cir. 2011)(holding that although negative employment evaluation letters or reprimands may be considered adverse employment actions, that is not the case where there is "no proof that [the] evaluation had any effect on the terms and conditions of [the plaintiff's] employment."). Thus, the alleged unfavorable evaluations, performance critiques, meetings to discuss performance concerns, accusations of tardiness or lack of diligence do not rise to the level of adverse employment actions.

The plaintiff also alleges that she was criticized by Dr. Spindler and Dr. Padilla, accused of not attending meetings, had her decisions overridden, and was not given support. However, none of these actions constitute adverse actions. Courts have consistently held that "criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action." *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 216–17 (E.D.N.Y. 2014); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011); *Sesay-Harrell v. NYC Dep't of Homeless Servs.*, No. 12 CIV. 925 KPF, 2013 WL 6244158, at *1 (S.D.N.Y. Dec. 2, 2013)(holding that supervisory inaction and disciplinary measures are not adverse employment actions). Thus, the plaintiff fails to state plausible race and national origin discrimination claims based on these various acts and decisions, which amount not to adverse employment actions, but rather workplace grievances, criticisms, performance evaluations, and supervisory discussions and meetings.

Further, the alleged denial of a position as supervisor of the R.I.S.E Program and an administrator position in summer school also do not constitute adverse employment actions. The

denial of such positions, even if upsetting to the plaintiff, did not materially change the terms and conditions of her role as a Principal.  The Amended Complaint is devoid of any allegations as to how the denial of these two stipend positions materially altered the terms and conditions of her employment with the District.  Therefore, the do not constitute adverse employment actions and cannot serve as the basis for discrimination claims.  *Rodriguez v. Glen Cove City Sch. Dist.*, 2016 WL 951524 at 4 (E.D.N.Y. Mar. 8, 2016) ("Defendants' decision not to allow plaintiff to be a Saturday math academy teacher was not a material change in the terms and conditions of her employment as a tenured middle school teacher. Although Plaintiff believed she would be selected to teach the class, Defendants' failure to fulfill her expectation does not create an adverse employment action."); *Valenti v. Massapequa Union Free Sch. Dist.*, No. 09-CV-977, 2012 WL 1038811, at *14 (E.D.N.Y. Mar. 28, 2012); *Guity v. Uniondale Union Free Sch. Dist.*, 2017 WL 9485647 at 18 (E.D.N.Y. Feb. 23, 2017), *adopted by*, 2017 WL 1233846 (E.D.N.Y. Mar. 31, 2017); (dismissing discrimination claims based on denial of position in after-school homework program as such a denial did not constitute an adverse employment action); *Ruggieri v. Harrington*, 146 F. Supp. 2d 202, 217 (E.D.N.Y. 2001).

Even assuming these alleged incidents and decisions could be deemed adverse employment actions and acknowledging that the termination from the SMS Principal position constitutes an alleged adverse action, the plaintiff's discrimination claims still fail.  Plaintiffs' discrimination claims still fail. The Plaintiff fails to allege sufficient facts to demonstrate a plausible nexus between the decisions/acts and her race, national origin, and/or gender. *Lawtone-Bowles v. City of New York, Dept. of Sanitation*, 22 F. Supp. 3d 341 at *350 (S.D.N.Y. 2014). To state plausible claims, the Plaintiff must allege facts providing "at least minimal support for the proposition that

the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Here, the Amended Complaint is devoid of any allegations of discriminatory or racially disparaging remarks by Dr. Padilla, Dr. Spindler or anyone else affiliated with the District. *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir.2000).  In addition, there are no allegations that Dr. Padilla or Dr. Spindler harbored discriminatory animus against Black and/or West Indian employees in general.  Any allegation that Dr. Padilla harbored discriminatory animus towards the plaintiff because of her race and/or national origin is wholly undermined by the fact that Dr. Padilla that asked the plaintiff to accept the SMS Principal position and undertook efforts to protect her elementary tenure status.  It is implausible that Dr. Padilla would arrange for her appointment to a critical position only to then harass her and terminate her from the position because of the same protected characteristics she had at the time of her hire. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 137 (2d Cir. 2000)( "when the same actor hires a person already within the protected class, and then later fires that same person, 'it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.'").

Nor are there any allegations that the members of the Board of Education, the ultimate decisionmaker regarding termination of the plaintiff, harbored any discriminatory animus or had any knowledge that the recommendation to terminate was motivated by race or national origin. Finally, the allegations of alleged disparate treatment do not contain sufficient facts to demonstrate that the alleged comparators were similarly situated in all material respects to the plaintiff. *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 493–94 (2d Cir.2010).  Accordingly, the plaintiff fails to state plausible claims of race and national origin discrimination and such claims must be dismissed pursuant to Rule 12(b)(6).

**POINT IV:    PLAINTIFF FAILS TO STATE A PLAUSIBLE HOSTILE WORK
                ENVIRONMENT CLAIM**

The plaintiff alleges a series of performance critiques, criticisms, overriding of her
decisions, lack of support, and denial of stipend positions.  However, these allegations do not rise
to the requisite severe or pervasive level.  *Marshall v. N.Y. City Bd. of Elections*, 322 Fed.Appx.
17, 18–19 (2d Cir.2009)(affirming dismissal of a hostile work environment claim because
allegations of a supervisor with violent temper, disparagement of educational background and
qualifications, and crude behavior did not meet the standard); *Boza–Meade v. Rochester Hous. Auth.*,
170 F. Supp. 3d 535, 548 (W.D.N.Y. 2016); *Petrosino v. Bell A.*, 385 F.3d 210, 223 (2d Cir.
2004)("Simple teasing, offhand comments, or isolated incidents of offensive conduct (unless
extremely serious) will not support a claim of discriminatory harassment."); *Mento v. Potter*, No.
08-CV-74S, 2012 WL 1908920, at *14 (W.D.N.Y. 2012)(Plaintiff's "laundry list of
inconveniences, disagreements, and arguments, none of which are of the type of severity or
persistence necessary to sustain a hostile work environment claim" are insufficient to defeat
Defendant's motion for summary judgment."); *Parekh v. Swissport Cargo Servs., Inc.*, No. CV-
08-1994, 2009 WL 290465, at *5 (E.D.N.Y. Feb. 5, 2009)("Plaintiff's complaints concerning
unfair disciplinary actions, shift changes, reduction in manpower, wrongfully withheld vacation
time, failure to provide him with proper equipment, workplace transfers, failure to promote, and
his termination contain no suggestion of hostility or offensiveness ... let alone facts indicating that
the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is
sufficiently severe or pervasive to alter the conditions of the victim's employment.").  Even if the
conduct complained-of is construed as rising to the requisite level of severity or pervasiveness,
plaintiff's claim of hostile work environment still fails because, as discussed above, there are
insufficient facts to plausibly demonstrate the alleged conduct occurred because of her race and

national origin.   Accordingly, to the extent the plaintiff seeks to assert hostile work environment claims, all such claims should be dismissed pursuant to Rule 12(b)(6).

## **CONCLUSION**

For all the foregoing reasons, the defendants respectfully request that their motion be granted in its entirety and that the plaintiff's Amended Complaint be dismissed in its entirety and with prejudice.

Dated:  White Plains, New York
        June 23, 2020

Respectfully submitted

**SILVERMAN & ASSOCIATES**

By: _____
       Caroline B. Lineen
       Attorneys for Defendants
       445 Hamilton Avenue, Suite 1102
       White Plains, New York 10601