UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DR. LISA BUON,

                                Plaintiff,                        19-CV-6760 (NSR)

      -  against  -

THE NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, ROBERT PADILLA, and DR.
LISA M. SPINDLER,

                                Defendants.
---------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Of Counsel: Caroline B. Lineen*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**……………………………………………………………..1

**ARGUMENT**……………………………………………………………………………….1

      **POINT I:**     THE PLAINTIFF DOES NOT SATISFY
                            HER BURDEN TO ESTABLISH PROPER
                            SERVICE AND PERSONAL JURISDICTION……………………….1

      **POINT II:**    PLAINTIFF CANNOT MAINTAIN TITLE VII
                            CLAIMS BASED ON THE TERMINATION
                            FROM SMS PRINCIPAL POSITION AND
                            DENIAL OF SUMMER PROGRAM………………………………….5

      **POINT III:**   PLAINTIFF FAILS TO STATE PLAUSIBLE
                            CLAIMS OF RACE AND/OR NATIONAL
                            ORIGIN DISCRIMINATION…………………………………………..6

**CONCLUSION**……………………………………………………………………………..7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Fallman v. Hotel Insider, Ltd.*,
   2016 WL 5875031 (S.D.N.Y. Oct. 7, 2016).................................5

*Feider v. Madison Square Garden*,
   2017 WL 9538169 (S.D.N.Y. Jan. 25, 2017).................................6

*Ferrer v. Superintendent Orange Cty. Jail*,
   2010 WL 306977 (S.D.N.Y. Jan. 26, 2010).................................5

*Hanig v. Yorktown Cent. Sch. Dist.*,
   384 F.Supp.2d 710 (S.D.N.Y. 2005) (dismissing.................................6

*Howard v. Klynveld Peat Marwick Goerdeler*,
   977 F.Supp. 654 (S.D.N.Y.1997),
   a*ff'd,* 173 F .3d 844 (2d Cir.1999).................................1

*Johnson v. New York City Bd. of Educ.*,
   2001 WL 1586692 (2d Cir. Dec. 6, 2001).................................5

*Johnson v. Quik Park Columbia Garage Corp.*,
   1995 WL 258153 (S.D.N.Y. May 2, 1995).................................3

*Kulkarni v. City Univ. of New York*,
   2001 WL 1415200 (S.D.N.Y. Nov. 13, 2011).................................6

*Mende v. Milestone Technology, Inc.*,
   269 F.Supp.2d 246 (S.D.N.Y. 2003).................................1

*Minholz v. Lockheed Martin Corp.*,
   227 F. Supp. 3d 249 (N.D.N.Y. 2016).................................1

<u>Nobriga v. Dalton</u>,
   1996 WL 294354 (E.D.N.Y. May 28, 1996).................................4, 5

*Preston v. New York*,
   233 F.Supp.2d 452 (S.D.N.Y.2002).................................1

*Santos v. State Farm Fire and Cas. Co.*,
   902 F.2d 1092 (2d Cir. 1990).................................4

*Schafer v. Wadman*,
   1992 WL 350750 (S.D.N.Y. Nov. 17, 1992).................................3

*Taylor v. Milly's Pizzeria, Inc.*,
   2016 WL 2991090 (E.D.N.Y. Apr. 19, 2016).................................5

*Vaher v. Town of Orangetown*,
  916 F.Supp.2d 404 (S.D.N.Y. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

Rules

*CPLR § 308(2)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
*Fed. R. Civ. P. 4(m)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**PRELIMINARY STATEMENT**

The defendants, Newburgh Enlarged City School District ("the District"), Dr. Roberto Padilla ("Dr. Padilla") (*incorrectly sued herein as "Robert Padilla"*), and Dr. Lisamarie Spindler ("Dr. Spindler") (*incorrectly sued herein as "Lisa M. Spindler"*), by and through their attorneys, Silverman & Associates, respectfully submit this Memorandum of Law in reply to the plaintiff's opposition and in further support of their motion to dismiss the plaintiff's Amended Complaint pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. As is discussed below, the arguments raised by the plaintiff in opposition do not save her Amended Complaint from dismissal.

**ARGUMENT**

**POINT I:    THE PLAINTIFF DOES NOT SATISFY HER BURDEN TO ESTABLISH PROPER SERVICE AND PERSONAL JURISDICTION**

The plaintiff bears the burden to prove that proper service has been effectuated and that the Court has jurisdiction over the defendants. Conclusory statements of proper service are insufficient to meet this burden and withstand dismissal. *Mende v. Milestone Technology, Inc.,* 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003); *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y.1997), *aff'd,* 173 F .3d 844 (2d Cir.1999); *Preston v. New York,* 233 F.Supp.2d 452, 466 (S.D.N.Y.2002); *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016). However, here, the plaintiff relies on self-serving conclusions that service was proper and fails to proffer factual specifics to prove such claims and establish jurisdiction.

The plaintiff does not dispute that she was required to serve both the Summons and the Complaint on the defendants. She argues that did so because she gave both documents to the process server. However, this assertion is wholly insufficient to establish that both documents were indeed served on the defendants.

1

The plaintiff does not swear that she personally served both documents on the defendants, that she personally witnessed the process server do so, or that she received sworn proof that he did so. See Declaration of Plaintiff. And, sworn testimony from the process server that he indeed provided copies of both the Summons and Complaint in the envelope delivered to Dr. Padilla is noticeably absent from the plaintiff's opposition. Importantly, the form proof of service filed on April 22, 2020 states only that the Summons, not the Summons and a Complaint, were served on Dr. Padilla. If the process server had in fact served both the Summons and Complaint on Dr. Padilla, the plaintiff could have and should have submitted a sworn statement from him to that effect.

Moreover, the sworn testimony of Dr. Padilla and District Clerk Matthew McCoy clearly and specifically describe the contents of the envelope received and that it lacked a Complaint. See Exhibit "C", ¶¶ 3-6; Exhibit "D", ¶¶ 4-6; Exhibit "F". The plaintiff's self-serving conclusion that both documents must have been served on Dr. Padilla because she provided them to the process server is insufficient to refute the clear, specific, and personally informed testimony of Dr. Padilla that the envelope served on Dr. Padilla. As such, the plaintiff fails to provide sufficient evidence demonstrating that both the Summons and Complaint were in fact served on Dr. Padilla, and thus, she fails to meet her burden to demonstrate proper service of process.

In addition, contrary to the plaintiff's representation, the defendants do not agree that service of the Summons and Complaint upon Dr. Padilla would constitute proper service upon all defendants. Only if the plaintiff served the requisite number of copies of both the Summons and Complaint for each defendant upon Dr. Padilla and then complied with the subsequent mailing requirements set forth in Section 308 of the New York Civil Practice Law and Rules would service upon Dr. Padilla constitute proper service of the individual defendants through delivery to a person

of suitable age and discretion at the individual's place of employment.  *CPLR § 308*(2); *Johnson v. Quik Park Columbia Garage Corp.*, 1995 WL 258153 at * 2 (S.D.N.Y. May 2, 1995).  See Exhibit "E", ¶¶ 4-7; DE 31.  The plaintiff has not submitted proof that the requisite number of copies of the Summons and Complaint were provided for each defendant.  Further, the proof of service filed by the plaintiff confirms the additional steps to comply with CPLR 308(2) were not completed.  Instead, it represents that the Summons was served personally on Dr. Padilla in his capacity to accept service only on behalf of the District (not Dr. Spindler and not even Dr. Padilla) and does not indicate that service via a person of suitable age and discretion was completed, or even contemplated.  Nor does it affirm that the requisite subsequent mailings were made.  See DE 31.

As noted, even though Dr. Padilla received the envelope containing the Summons and list of names, the proof of service makes clear that he was being served in his official capacity as Superintendent authorized to accept on behalf of the District, not his individual capacity.  Thus, even assuming, *arguendo,* that service of the Summons without the Complaint could be deemed proper, it was only effected as to the District, not Dr. Padilla in his individual capacity.  *Schafer v. Wadman*, 1992 WL 350750 at * 3 (S.D.N.Y. Nov. 17, 1992).

The plaintiff's purely conclusory statement that service was made pursuant to a District policy that permits Dr. Padilla to accept service on behalf central administrators is false and must be rejected.  There is no such policy in effect at the District.  Notably, despite alleging its existence, the plaintiff does not identify the policy by name or number, nor does she annex a copy of the alleged policy to her Declaration.  Certainly, if such a policy existed and would provide proof that the plaintiff effected proper service, she would have included it in opposition to potential dismissal.

3

The plaintiff's false representation of a "policy" must be rejected.  The plaintiff was required to effectuate proper service of process in compliance with the applicable federal and state statutes but she failed to do so.  Moreover, even assuming, *arguendo*, she could complete proper service on all the defendants by serving Dr. Padilla, she still failed to do so properly as the Complaint was not served on him and the requisite copies of each document for each defendant were not provided in the envelope.

The plaintiff's argument that filing an Amended Complaint cured the service defects is also without merit.  Filing of the Amended Complaint is not equivalent to service of process.  The undersigned attorneys did not accept service of the Summons and Complaint or Amended Complaint on behalf of the defendants at any time.  *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (service on attorney not authorized to accept is defective).  Even after the Amended Complaint was filed electronically, the plaintiff never made attempts to cure the service defects by then serving a Summons and Amended Complaint on each defendant.  This, despite knowing full well and for many months that the defendants were challenging service and having already been served with a motion to dismiss for improper service and lack of personal jurisdiction on January 17, 2020.  <u>Nobriga v. Dalton</u>, 1996 WL 294354 at * 3 (E.D.N.Y. May 28, 1996); *Vaher v. Town of Orangetown*, 916 F.Supp.2d 404, 421 (S.D.N.Y. 2013).  The fact that the defendants have moved to dismiss also does not negate or excuse the deficiencies in service because such deficiencies are not cured or rendered harmless purely because the defendants have notice of the action.  *Fallman v. Hotel Insider, Ltd.*, 2016 WL 5875031 at * 3 (S.D.N.Y. Oct. 7, 2016).

The plaintiff fails to proffer evidence to satisfy her burden to prove that she timely completed proper service of the defendants.  The plaintiff does not request an extension of time

4

to serve and she does not argue that good cause exists for such an extension. Accordingly, the plaintiff's Amended Complaint must be dismissed pursuant to Rule 12(b)(2), (4), and (5) and 4(m) of the Federal Rules of Civil Procedure. *Fed. R. Civ. P. 4(m)*; *Johnson v. New York City Bd. of Educ.*, 2001 WL 1586692 at * 1-2 (2d Cir. Dec. 6, 2001); *Ferrer v. Superintendent Orange Cty. Jail*, 2010 WL 306977 at * 4 (S.D.N.Y. Jan. 26, 2010); *Vaher*, 916 F.Supp.2d at 419-22; *Nobriga,* 1996 WL 294354 at * 3; *Taylor v. Milly's Pizzeria, Inc.*, 2016 WL 2991090 at * 1 (E.D.N.Y. Apr. 19, 2016).

**POINT II:     PLAINTIFF CANNOT MAINTAIN TITLE VII CLAIMS BASED ON THE TERMINATION FROM SMS PRINCIPAL POSITION AND DENIAL OF SUMMER PROGRAM**

The plaintiff does not challenge or oppose the dismissal of her Title VII claims arising out of her termination from the South Middle School ("SMS") Principal position and the alleged failure to hire for a summer program position in 2019. She concedes that she did not file an EEOC charge alleging discriminatory termination or constructive discharge and that she did not include claims regarding the alleged failure to hire her for a summer school position in an EEOC charge. She does not argue that she should be permitted to pursue claims for those discrete employment actions pursuant to Title VII despite her failure to allege them in a timely EEOC charge or that they reasonably relate to her prior charge. Indeed, she effectively concedes that she cannot maintain such claims and abandons them. See Plaintiff's' Memorandum of Law, at p. 10.

Accordingly, as plaintiff did not file an EEOC charge asserting claims based on the termination from the SMS Principal position and the alleged failure to hire for a summer program position within 300 days of those discrete employment decisions, and because the plaintiff essentially abandons such claims in her Opposition, any and all Title VII claims based

on such employment decisions must be dismissed.  *Feider v. Madison Square Garden*, 2017 WL 9538169 at * 9-10 (S.D.N.Y. Jan. 25, 2017) (dismissing certain of plaintiff's Title VII claims where plaintiff did not adequately oppose the dismissal and where claims arose out of discrete employment decisions separate from those asserted in prior charge); *Kulkarni v. City Univ. of New York*, 2001 WL 1415200 at 3–4 (S.D.N.Y. Nov. 13, 2011); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F.Supp.2d 710, 723 (S.D.N.Y. 2005) (dismissing claim as abandoned where plaintiff did not oppose the dismissal in her opposition).

**POINT III:   PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS OF RACE AND/OR NATIONAL ORIGIN DISCRIMINATION**

In her Opposition, the plaintiff seems to boil her claims down to three alleged adverse actions, the alleged denial of an administrator position in the R.I.S.E. Program, denial of a summer program position, and termination from the SMS Principal position.  The plaintiff argues that the denial of the R.I.S.E. and summer program positions constitute actionable adverse employment actions, but the case law previously discussed by defendants and not addressed by plaintiff requires the opposite conclusion.  The plaintiff had no entitlement to these extra stipend positions, even if she had previously been selected for them.  In addition,  the plaintiff's prior appointment to these positions while Dr. Padilla has been Superintendent undermines any claim of discriminatory motive.

The plaintiff also argues that she has pleaded plausible claims because she has alleged that individuals of other races and national origins replaced her in positions.  However, she does not allege such as it relates to her termination from the SMS Principal position.  Indeed, she could not do so as the employee who replaced the plaintiff is Black woman, Chante Brooks.  Accordingly, and for all the reasons previously discussed by the defendants, the plaintiff fails to

state plausible claims of race and national origin discrimination and such claims must be dismissed pursuant to Rule 12(b)(6). [1]

## CONCLUSION

For all the reasons discussed herein and in the defendants' moving papers, the defendants respectfully request that their motion be granted in its entirety and that the plaintiff's Amended Complaint be dismissed in its entirety and with prejudice. In the event the defendants' motion is denied in whole or in part, the defendants respectfully request that they be permitted to file their Answer within thirty (30) days of the Court's Order on the motion.

Dated: White Plains, New York
       August 7, 2020

                            Respectfully submitted

                          **SILVERMAN & ASSOCIATES**

                        By: *Caroline B. Lineen*
                            Caroline B. Lineen
                            Attorneys for Defendants
                            445 Hamilton Avenue, Suite 1102
                            White Plains, New York 10601

---

[1] Plaintiff clarifies that she is not asserting a claim for hostile work environment and no further discussion on the deficiencies of any such claims is warranted. See Plaintiff's Memorandum of Law, at p. 14